Scott A. Flinders (6975)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: 702-385-2500
Facsimile: 702-385-2086
sflinders@hutchlegal.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN PALMA, individually<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**PETITION FOR REMOVAL** |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Defendant AMERICAN FAMILY INSURANCE COMPANY petitions for removal on the following grounds:

1. AMERICAN FAMILY INSURANCE COMPANY is a defendant in a civil action commenced on February 4, 2015, and now pending in the Eighth Judicial District Court of the County of Clark, Nevada, entitled <u>Steven Palma v. American Family Insurance Company</u>, Case No. A713441.

2. True copies of the Summons and Complaint are attached hereto and made a part hereof as exhibit A.

3. The date upon which AMERICAN FAMILY INSURANCE COMPANY was served

with a copy of the Summons and Complaint was on March 4, 2015, when the Nevada Department of Business and Industry, Division of Insurance received a copy of the Summons and Complaint on behalf of AMERICAN FAMILY MUTUAL INSURANCE COMPANY. This Petition is timely filed within the thirty (30) day period for removal of this action to this Court as required by 28 U.S.C. § 1446(b).

4. Plaintiff Steven Palma is a resident of Clark County, Nevada.

5. Defendant AMERICAN FAMILY INSURANCE COMPANY is a company organized and existing under the laws of the State of Wisconsin.

6. Complete diversity of citizenship exists between the parties to this action and the amount in controversy is greater than $75,000. As set forth in Plaintiff's Complaint, this is an action for Breach of Contract and Bad Faith. Consequently, Plaintiff is seeking punitive damages. The amount in controversy is in excess of $75,000.00, as demonstrated by the Complaint. This Court has jurisdiction over this action under 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446(a) and (b).

7. Venue lies in the Southern Division of this Court under 28 U.S.C. §§ 1441(a), 1446(a) and Local Rule IA 8-1(a). This action was originally brought in the Eighth Judicial District Court for the State of Nevada, Clark County, and the events alleged in the Complaint occurred in Clark County, Nevada.

8. Plaintiff's Complaint alleges that AMERICAN FAMILY INSURANCE COMPANY breached its contract and failed to deal fairly and in good faith with Plaintiff by denying and/or delaying payment of benefits under the UIM provision of the insurance policy which limits are $50,000. In addition to the contractual damages Plaintiff is seeking, Plaintiff is also seeking punitive damages and is requesting attorney's fees and costs. The claim for punitive

damages alone exceeds the monetary jurisdictional amount of $75,000. *See, Woodward v. Newcourt Commercial Financial Corporation*, 60 F. Supp.2d 530 (D.S.C. 1999) (claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount).

A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether or not the plaintiff is likely to ask a jury for an amount above $75,000. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013). As such, the appropriate figure to use in determining whether the defendant has presented adequate evidence to establish the amount in controversy is not the probable amount that the plaintiff will recover, but rather the total potential value of plaintiff's claims considering all of the allegations and all the asserted damages. If a defendant can show by a preponderance of evidence that (1) plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery, that award would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain.

In this case, Plaintiff has clearly indicated that the claim for policy benefits is worth in excess of $50,000. In assessing the amount in controversy, the Court may consider any request for punitive damages and attorney's fees. *Manthei v. Northwestern Mut. Life Ins. Co.*, 2014 U.S. Dist. LEXIS 15714, 5-6 (D. Nev. Feb. 6, 2014). The Court in *Manthei* also noted that "as Nevada law does not cap punitive damages in bad faith insurance claims, except as limited by constitutional

3

due process, Defendant has shown that the punitive damages claim itself would 'more likely than not' carry the amount in controversy over the jurisdictional threshold." *Id.*

When the $50,000 in compensatory (breach of contact) damages is combined with the amount Plaintiff is likely to seek in extra-contractual damages, it is apparent that the amount n controversy is in excess of $75,000, exclusive of interest and costs, and that Defendant has satisfied the jurisdictional threshold.

9. All Defendants consent to the removal of this action to federal court.

10. AMERICAN FAMILY INSURANCE certifies that the Notice of Removal and a copy of this Petition have been filed with the Clerk of the District Court of the County of Clark, Nevada, where the action was commenced.

WHEREFORE, AMERICAN FAMILY INSURANCE requests that this action be removed from the District Court of Clark County, Nevada, to this Court.

DATED this 24 day of March, 2015.

HUTCHISON & STEFFEN, LLC

Scott A. Flinders (6975)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: 702-385-2500
Facsimile: 702-385-2086
sflinders@hutchlegal.com

*Attorney for Defendant*

4

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC. and that on this 24th day of March, 2015, I caused the above and foregoing document entitled **PETITION FOR REMOVAL** to be served as follows:

- ☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

- ☐ pursuant to EDCR 7.26, to be sent **via facsimile;** and/or

- ☒ pursuant to EDCR 8.05(a) and 8.05(f), to be electronically served through the Eighth Judicial District Court's electronic filing system, with the date and time of the electronic service substituted for the date and place of deposit in the mail; and/or

- ☐ to be hand-delivered;

to the attorney(s) listed below at the address and/or facsimile number indicated below:

Thomas W. Askeroth, Esq.
GREENMAN, GOLDBERG, RABY & MARTINEZ
601 S. Ninth St.
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

An employee of Hutchison & Steffen, LLC

5



A PROFESSIONAL LLC

# EXHIBIT A

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

Electronically Filed
02/04/2015 10:08:54 AM

CLERK OF THE COURT

1  COMP
2  GABRIEL A. MARTINEZ, ESQ.
   Nevada State Bar No. 000326
3  THOMAS W. ASKEROTH, ESQ.
   Nevada State Bar No. 011513
4  GREENMAN, GOLDBERG, RABY & MARTINEZ
   601 South Ninth Street
5  Las Vegas, Nevada 89101
   (702) 384-1616
6  *Attorneys for Plaintiff*

7              DISTRICT COURT
8           CLARK COUNTY, NEVADA

9  STEVEN PALMA,
                                           CASE NO.: A-15-713441-C
10        Plaintiff,                       DEPT. NO.: 11
11        v.
12 AMERICAN FAMILY INSURANCE
   COMPANY;
13 DOES I through X, and ROE
   CORPORATIONS XI through XX,
14 inclusive,
15
          Defendants.
16
17              **COMPLAINT**
18     COMES NOW Plaintiff, STEVEN PALMA, by and through his attorneys,
19 GABRIEL A. MARTINEZ, ESQ. and THOMAS W. ASKEROTH, ESQ., of the law firm
20 GREENMAN, GOLDBERG, RABY & MARTINEZ, and complains of Defendants, and
21 each of them, and for his causes of action alleges as follows:
22
                          I.
23          **JURISDICTIONAL ALLEGATIONS**
24 1. That upon information and belief, at all times relevant to this action, Plaintiff,
25    STEVEN PALMA (hereinafter "Plaintiff"), was an adult resident of Clark County,
26    Nevada.
27
28

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

2. That upon information and belief, at all times relevant to this action, Defendant, AMERICAN FAMILY INSURANCE COMPANY (hereinafter "American Family"), was a foreign corporation authorized to conduct business within Clark County, Nevada.

3. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES I through X, and ROE CORPORATIONS XI through XX, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and there upon allege that each of the Defendants designated herein as a Doe and/or a Roe was the agent, servant, employee, or corporate employer of the other, acting within the scope and purpose of said agency, service, employment, or corporate activity; that each of the Defendants designated herein as a Doe or Roe is negligently responsible in some manner for the events, circumstances, and happenings herein referred to and negligently caused injuries and damages proximately thereby to the Plaintiff as herein alleged; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X, and ROE CORPORATIONS XI through XX, when the same have been ascertained by Plaintiffs, together with appropriate charging allegations, and to join such Defendants in this action.

## II.
## GENERAL ALLEGATIONS

4. Plaintiff repeats and realleges paragraphs 1 through 3 and incorporates those paragraphs herein by reference.

5. On or about July 18, 2013, Plaintiff was traveling northbound on IR15 at the northbound Sahara off ramp while operating a certain marked Nevada Highway Patrol unit.

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

2

6. Upon information and belief, and at said time and place, LARRY CLIFTON JONES (hereinafter "Jones") was traveling northbound on IR15 at the northbound Sahara off ramp.

7. Upon information and belief, Jones took his eyes off the travel lane ahead; consequently, the front portion of Jones' vehicle struck the rear of Plaintiff's vehicle.

8. Upon information and belief, at all times relevant herein, Jones failed to pay attention to the roadway and failed to operate his vehicle with due care, thus engaging in reckless driving; Jones was issued a citation at the scene.

9. That Jones so negligently operated and/or drove his vehicle so as to proximately cause damages and injuries to Plaintiff.

10. That as a direct and proximate result of the negligence of Jones, as aforesaid, Plaintiff received severe injuries to his cervical spine, along with great pain, suffering and anxiety; that further Plaintiff was prevented in part from attending to his usual activities, and will be prevented in part from attending to his usual activities in the future.

11. That Plaintiff has settled his claim against the adverse driver, Jones, for the policy limit of fifteen thousand dollars ($15,000.00).

12. That upon information and belief, at all times relevant herein, Plaintiff maintained an uninsured/underinsured motorist policy (hereinafter "UIM policy") with American Family.

13. That on or about September 26, 2014, Plaintiff sent a thirty-day time limit demand package to American Family coverage under his UIM policy coverage. In his demand, Plaintiff requested that American Family tender the policy limits

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

3

of $50,000.00 to compensate him for damages not covered by the adverse driver's policy. American Family failed to respond to this demand within thirty (30) days, as requested in the demand package.

14. That on or about November 21, 2014, American Family acknowledged receipt of demand and stated that they feel that Mr. Palma could be fully compensated by the underlying Bodily Injury Limits. Further, America Family stated that the impairment rating provided by Dr. Quaglieri was not accurate.

15. That on or about December 2, 2014, Plaintiff sent a letter to American Family requesting that they provide the report supporting its position that Dr. Quaglieri's impairment rating is invalid.

16. That on or about December 23, 2014, American Family responded with a few bullet points from an unidentified Medical Services staff member.

17. That on or about January 2, 2015, Plaintiff sent a letter to American Family explaining That American Family is handling Plaintiff's claim in bad faith. Plaintiff requested that American Family respond to the demand with a settlement offer within 10 days. American Family failed to respond within 10 days with a reasonable settlement demand.

## III.
### FIRST CAUSE OF ACTION
*(Breach of Contract)*

18. Plaintiff repeats and realleges paragraphs 4 through 18 and incorporates those paragraphs herein by reference.

19. An insurance contract for UIM coverage existed between Plaintiff and American Family at all relevant times herein.

4

20. American Family has breached the contract by failing to pay, and unreasonably delaying Plaintiff's claim for damages relating to the July 18, 2013 motor vehicle accident.

21. That because of American Family's breach of this contract, Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and he is entitled to reasonable attorney's fees plus costs of suit.

22. As a proximate result of Defendant's breach of contract, Plaintiff has suffered damages in excess of $10,000.00.

## IV.
## SECOND CAUSE OF ACTION
*(Bad Faith)*

23. Plaintiff repeats and realleges paragraphs 19 through 22 and incorporates those paragraphs herein by reference.

24. Nevada law recognizes an implied covenant of good faith and fair dealing in every contract, including a contract for UIM coverage.

25. By failing to accept and pay the claims; by failing to conduct a full, fair and objective investigation and evaluation before denying Plaintiffs' claim; by treating its interest above that of Plaintiffs' interests; by failing to adopt reasonable standards for claims handling practices; by unreasonably delaying or refusing to compensate Plaintiff for his covered losses under the UIM policy, and other conduct, Defendants breached their duty of good faith and fair dealing.

GREENMAN, GOLDBERG
RABY & MARTINEZ
801 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

26. As a direct and proximate result of Defendants' conduct, Plaintiff suffered special and general damages, including emotional distress, costs and attorney's fees in an amount in excess of $10,000.00.

27. In engaging in its bad faith conduct, American Family has acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seek punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## V.
## THIRD CAUSE OF ACTION
*(Breach of Nevada's Unfair Claims Settlement Act)*

28. American Family is and at all times mentioned herein was an entity regulated by the Nevada Revised Statutes.

29. Under NRS 686A.310(2), Plaintiff is specifically authorized to enforce the provisions of NRS 686A.310(1).

30. Plaintiff incorporates the specific provisions of NRS 686A.310(1).

31. American Family has violated NRS 686A.310(1) by failing to pay where liability is reasonably clear; by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; by failing to adopt and implement reasonable standards for the investigation of claims; by failing to affirm or deny coverage within a reasonable time; by failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law; and other wrongful conduct.

32. As a proximate and foreseeable result of the violations of NRS 686A.310, Plaintiff has suffered general and special damages in excess of $10,000.00.

33. In perpetuating the aforementioned violations of NRS 686A.310, American Family has acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff. Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVEN PALMA, expressly reserving the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertained, demands judgment against the Defendants as follows:

1. For a sum in excess of $10,000.00 for damages for breach of contract;

2. For a sum in excess of $10,000.00 for damages for Defendant's bad faith handling of Plaintiff's insurance claim;

3. For a sum in excess of $10,000 for damages for Defendant's breach of Nevada's Unfair Claims Settlement Act;

4. For a sum in excess of $10,000.00 for punitive and exemplary damages;

5. For reasonable attorney's fees and costs of suit; and

///

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

7

6. For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of February, 2015.

GREENMAN, GOLDBERG, RABY & MARTINEZ

*[signature]*

GABRIEL A. MARTINEZ, ESQ.
Nevada State Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada State Bar No. 011513
601 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

8

```
1  SUMM
   GABRIEL A. MARTINEZ, ESQ.
2  Nevada Bar No. 000326
   THOMAS W. ASKEROTH, ESQ.
3  Nevada Bar No. 011513
4  GREENMAN, GOLDBERG, RABY & MARTINEZ
   601 South Ninth Street
5  Las Vegas, Nevada 89101
   Phone: (702) 384-1616
6  Email: gmartinez@ggrmlawfirm.com
           taskeroth@ggrmlawfirm.com
7  Attorneys for Plaintiff
```

# DISTRICT COURT
# CLARK COUNTY, NEVADA

STEVEN PALMA,

    Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY;
DOES I through X, and ROE CORPORATIONS XI through XX, inclusive,

    Defendants.

CASE NO.: A-15-713441-C
DEPT. NO.: II

## SUMMONS

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**AMERICAN FAMILY INSURANCE COMPANY**

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

1

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

  2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which you could result in the taking of money or property or other relief requested in the Complaint.

  3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

  4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the complaint.

Submitted by:

By /s/ Thos. Askeroth
**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar. No. 00326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
601 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

CLERK OF THE COURT

ONDINA [stamp]

_____
Deputy Clerk
Clark County Courthouse
200 South Third Street
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure 4(b).

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

2

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA )
) ss:
COUNTY OF )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. that affiant received _____ copy(ies) of the Summons and Complaint on the \_\_\_\_\_ day of _____, 2015, and served the same on the _____ day of _____, 2015, by:

(Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the Defendant _____ at (state address) _____.

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____.
   a. With _____ as _____, an agent lawfully designated by statute to accept service of process;
   b. With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (Check appropriate method):
   _____ Ordinary mail
   _____ Certified mail, return receipt requested
   _____ Registered mail, return receipt requested
   addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this \_\_\_\_\_ day of _____, 2015.

_____
SIGNATURE OF PERSON MAKING SERVICE

GREENMAN, GOLDBERG
RABY & MARTINEZ
601 SOUTH NINTH STREET
LAS VEGAS, NEVADA
89101-7012
(702) 384-1616
FAX: (702) 384-2990

3